Affirmed.

### In re GILL.

Court of Customs and Patent Appeals. December 19, 1929.

No. 2177.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and F. B. Smith, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler and Howard S. Miller, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. This is an appeal from the action of the Board of Appeals of the Patent Office affirming a decision of the Examiner rejecting Claim 6 and Claims 11 to 15, inclusive, made by appellant relative to claimed invention or inventions of "Improvements in Means for Assembling Internal Combustion Engines." It differs from suit No. 2176, In re Gill, 36 F.(2d) 126, in that 2176 constitutes a method application and this one relates to the apparatus.

To express the matter nontechnically, it is the claim of appellant that his structure, taken as a whole, constitutes a device by means of which a great improvement has been wrought over the method of assembling certain parts of automobile engines, which method had been utilized prior to his claimed invention, and which is still utilized in many factories; the function particularly emphasized being that of lowering the cylinder block to the pistons and inserting the pistons into the cylinders.

It is explained that before appellant's structure was devised the customary method was to perform these operations wholly by hand, except that the block might be lowered by means of an ordinary chain block. Workmen stationed at each end would steady and guide the block on its downward course to the point of contact with the pistons, and other workmen were then required to hold the pistons rigid while they were guided into the cylinders. It is asserted that this method was a difficult and unsatisfactory one, not only because of the requirement for extra labor in making the assembly, but because of the great trouble in securing such precision of alignment with the different pistons as to enable the block to go down over them to its base. The statement is that frequently it would be necessary to strike the block with a hammer or other tool so as to obtain a vibration suffi-

cient to slip the closely fitting pistons in their proper places, and that these strokes sometimes resulted in injury to the pistons by bending them; and that if the block moved slightly just as the pistons were entering the cylinder the former would stick and it would be necessary to raise the block and lower it again. Affidavits on file allege ill effects from this hand method assembly to include: (a) Bent connecting rods; (b) damaged pistons; (c) scored pistons or cylinders, due to misalignment; (d) broken piston rings; (e) piston knock, due to a bent connecting rod; and (f) gas leaks in the engine, due to scored cylinders.

It is claimed by appellant that his machine is so devised as that in operation it will hold the pistons rigid and lower the cylinder block in a predetermined rectilinear path, so that the pistons will enter the cylinders in perfect alignment; the block being given any slight oscillation essential by means of a pneumatic vibrating mechanism.

Appellant's brief gives a technical description of the machine and its method of operation as follows: "The Gill machine, constituting the subject-matter of the present invention, comprises a frame 36 adapted to be moved along a track, which frame carries hoisting mechanism that is preferably of the pneumatic type, the cylinder for the pneumatic hoisting and lowering device being designated by the numeral 41 in the application drawings. Rigidly attached to the piston rod 45 which projects from cylinder 41 is a fixture 53, which is rigidly secured to a cylinder block, to be assembled, by means of wing nuts 63 and lugs 61 which engage the stud bolt 62 on the cylinder. The construction is such that the heavy cylinder block can be lowered in a predetermined rectilinear path. The crank case 11 with the crankshaft 19 mounted therein and with the connecting rods 18 and pistons 17 attached thereto, is mounted by means of grooved wheels 28 on rails 32, constituting an assembly track. Mounted alongside the assembly track is a stationary fixture 65 which has a horizontally disposed portion 66 that overhangs the track and which supports a pair of vertically disposed guide posts 67 which, as the block is lowered, extend into and through openings 60 of the fixture or bracket 53. By this means the cylinder block is restrained in its lowering movement to a predetermined rectilinear path, and is lowered in absolute alignment with the pistons."

The Patent Office tribunals held that there were certain features of invention in the structure and some of the claims were grant-

ed, but Nos. 6 and 11–15 were disallowed, and these constitute the issue before us.

Claim 12 is taken by appellant as illustrative of all six, but we observe from the record that before the tribunals of the Patent Office No. 6 was very earnestly pressed and think it well to quote both of them in full:

"6. The combination in a device for assembling internal combustion engines having a crank case and a cylinder block adapted for mounting on said crank case, of means for lowering the cylinder block into position on said crank case, and members adapted to guide said cylinder block in a rectilinear path while being lowered."

"12. A device for assembling the pistons of an internal combustion engine in the cylinders of the cylinder block thereof comprising clamping means to secure the pistons in the plane of said cylinders, and means including guiding members for moving the said block into position with respect to said cylinders in a rectilinear path in the said plane of the cylinders."

The reference cited in the rejection of the claims is to a patent to Somers of August 20, 1872, being No. 130,758, entitled, "An Improvement in Tube-Making Machines."

It may be stated that after the rendition of the Board's decision on November 29, 1927, a petition for rehearing was filed, and therewith were presented copies of affidavits filed in a copending appeal which is now the suit 2176, supra, and these affidavits are a part of the printed record in the instant case. The final decision upon the rehearing was rendered January 16, 1928, the Board stating "we * * * find no reason for departing from the conclusions announced in our former decision."

The Board in its final decision says: "The request for rehearing is accompanied by certain affidavits which establish the commercial unity of the claimed invention. But the affidavits do not, in our judgment, establish appellant's right to claims of the scope of those rejected in this application. In a companion case Serial No. 692,506 we have discussed at some length in a decision rendered this day on a request for rehearing the relation to the prior art of appellant's contribution. While the claims of the companion case are directed to a method the disclosures of the two cases are identical."

Referring to the decision in Serial No. 692,506, we find the language of the Board of Appeals: "Stating the ground of rejection broadly it is that the essential steps of the claimed method are old in the procedure followed in assembling pistons in cylinder blocks as set forth on pages 3 and 4 of appellant's specification. In the memorandum filed with the request for rehearing it is pointed out that the prior art does not disclose the step included in certain of the claims of 'clamping all the pistons in a common vertical plane' or guiding the cylinder block while lowering the same in a 'predetermined rectilinear path.' The point is also made that the limitation to 'vibrating' the cylinder block 'within fixed limits' and included in certain claims is not disclosed in the prior art. But the prior art procedure was attempting to do these things although not with entire success. Thus when the pistons were moved to vertical positions under the cylinder block they were held there as rigidly as they could be manually and the only difference between appellant's method and the prior art so far as holding the pistons in an upright position is concerned is the difference between holding a thing manually and holding it by a machine. The same situation exists with respect to the lowering of the cylinder block in a predetermined rectilinear path. Obviously that is the way in which the block would be lowered in prior art procedure so far as it was possible to guide the block in its lowering movement manually. Here again there is no new conception so far as a method is concerned but only the selection or invention it may be of a better apparatus for controlling the lowering movement."

The paragraph just quoted applied immediately to the method application involved in suit 2176, but the reasoning seems also to apply to the apparatus claims herein involved, and, as has been stated, certain apparatus invention was found and allowed in connection with appellant's structure.

We are unable to discover invention in those claims which were disallowed and are here involved. Murray Rubber Co. v. De Laski & Thropp Circular Woven Co., 21 F. (2d) 822, seems to be directly in point, where it was said by the Circuit Court of Appeals of the Third Circuit, speaking through Judge Woolley: "Although invention may be found in mechanism that supplants hand operation, particularly where mechanism, in way of its own, dispenses with human element, where there has been no substantial change in mechanism or method of making product, and steps are same, and succession from one step to the other is the same as those in manual art, general rule of patent law is against 'invention.' "

We find no error in the decision of the Board of Patent Appeals, and the same is affirmed.

Affirmed.