## In re RUNDELL.
### Patent Appeal No. 2710.

Court of Customs and Patent Appeals.
April 29, 1931.

Sydney I. Prescott, of New York City (George S. Hastings, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

**GRAHAM, Presiding Judge.**

Appellant has invented an improvement in bunch concentrators used in the manufacture of cigars. In connection with his application he filed 17 claims, the first 14 of which were allowed by the examiner. Claims 15, 16, and 17 were rejected by the examiner, which decision was affirmed by the Board of Appeals of the United States Patent Office. These three claims are as follows:

"15. The combination with intermittently rotating cigar bunch concentrating means and automatic operating means therefor, of means for loading bunches into said concentrating means comprising a bunch carrier and an ejector therefor and means for moving both to and from loading position.

"16. The combination with intermittently rotating cigar bunch concentrating means and automatic operating means therefor, of means for loading bunches into said concentrating means comprising a yielding bunch carrier and an unyielding ejector therefor and means for moving both to and from loading position.

"17. The combination with intermittently rotating cigar bunch concentrating means and automatic operating means therefor, of means for loading bunches into said concentrating means comprising a bunch carrier and an ejector therefor and a gearing actuated mechanism for swinging both to and from loading position."

The references relied on for rejection are Huttger, 1,263,673, April 23, 1918, and Elges, 375,616, December 27, 1887.

Appellant's device is a complicated piece of automatic machinery. No beneficial result would follow a description of it in detail. It is sufficient for the purposes of this case to state that it consists of a revolving turret containing female molds for receiving bunches of tobacco and which turret is rotated intermittently. The female portions of the molds in the turret are loaded by means of an arm which automatically places the bunches of tobacco in said molds as the respective molds come to the top of the mechanism. Another arm on the other side of the machine inserts a male portion of the mold after the bunch has been inserted, and the turret then revolves, bringing another female mold into position. The male portion of this mold is then removed by the arm provided for this purpose, the concentrated bunch in said mold is ejected, and it is, in turn, loaded, by the means aforesaid, with another bunch.

The arm which loads these molds is so arranged that the end portion thereof, which clasps the loading bunches, is yieldable when pressure is exerted thereon; this character of yieldability being furnished by a spring.

The reference Elges shows a revolving turret in a hand operated concentrator, with female molds and removable male molds.

The reference Huttger shows a cigar bunching and forming machine with a series of molds in an element with a plane surface. A transferring element is provided, which receives bunches of tobacco for concentration between a pair of yieldable jaws, provided for that purpose. By proper mechanism this transferring element, after receiving such bunch, swings into a horizontal position and the bunch of tobacco is pressed into the mold by means of an ejector, which is caused to be thrust forward between the said yieldable jaws to such a degree as to press the bunch of tobacco in place in its mold. This being done, the transferring element returns to its original position for another bunch and thereafter the process is repeated.

We are of opinion that the Board of Appeals committed no error in holding claims 15, 16, and 17 to be properly rejected on these references. It will be observed the claims in question are very broad, and are not limited to the exact mechanism shown by the applicant, and which were fully covered by his allowed claims. As the board states, it must be evident that the device shown by Huttger must operate intermittently. Whether the molds are arranged in a plane surface or in a rotating turret can hardly be inventive in view of the disclosures in the references. The means for loading bunches into the concentrator means, comprising a bunch carrier and an ejector, is shown by Huttger.

Appellant argues that his rejected claims rest upon an automatic mechanism. The mere statement that a device is to be operated automatically instead of by hand, without a claim specifying any particular automatic mechanism, is not the statement of an invention. Marchand v. Emken, 132 U. S. 195, 10 S. Ct. 65, 33 L. Ed. 332; In re Gill, 36 F.(2d) 128, 17 C. C. P. A. 700.

One other element is suggested by the Board of Appeals, namely, the "yielding bunch carrier," in rejected claim 16. It would appear to be obvious to anyone who was constructing a mechanical device of this kind, if it was feared that injury would result from the contact of a moving arm with

another surface, by means of which arm a certain function was to be performed, that this danger might be avoided by the interposition of a spring or other yieldable means. We assume the appellant does not rely particularly upon this feature, as it was not referred to in his oral argument, or in his brief filed herein.

Much of the argument made here is directed to the various elements of appellant's automatic mechanism. It is sufficient to say that, however inventive these elements may be, they are not mentioned in the rejected claims, and hence can have no effect upon our conclusion thereon.

The decision of the Board of Appeals is affirmed.

Affirmed.